IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION
WESTERN

ASHLEY MCDOWELL                                                                      PLAINTIFF

V.                                                          CIVIL ACTION NO. 5:19-cv-4-DCB-MTP

AMITE COUNTY, MISSISSIPPI,
ROGER ARNOLD, IN HIS OFFICIAL AND
PERSONAL CAPACITIES; TIM WROTEN,
IN HIS OFFICIAL AND PERSONAL CAPACITIES;
AND JOHN DOES 1-10                                                                   DEFENDANTS

**PLAINTIFF'S COMPLAINT**
**(TRIAL BY JURY REQUESTED)**

COMES NOW the Plaintiff, Ashley McDowell, and files this Complaint against the Defendants, Amite County, Mississippi, Roger Arnold, in his official and personal capacities; Tim Wroten, in his official and personal capacities; and John Does 1-10.  In support, Plaintiff would respectfully show unto the Court the following:

**I. PARTIES**

1.     Plaintiff, Ashley McDowell, is an adult resident citizen of Panola County, Mississippi who resides at 774 Tubbs Road, Batesville, Mississippi 38606.

2.     Defendant, Amite County, Mississippi, may be served with process through Jana Causey, Chancery Clerk and Clerk of the Amite County Board of Supervisors, 243 East Main Street, Liberty, Mississippi 39645.

3.     Defendant, Roger Arnold ("Judge Arnold"), in his official and personal capacities, is a resident of the State of Mississippi and is justice court judge of Amite County, Mississippi. Judge Arnold may be served with process at his place of employment located at 243 South Broadway Street, Liberty, Mississippi 39645.

4. Defendant, Tim Wroten ("Sheriff Wroten"), is a resident of the State of Mississippi and is sheriff of Amite County. Sheriff Wroten may be served with process at his place of employment located at 243 South Broadway Street, Liberty, Mississippi 39645.

5. Defendants John Does 1-10 are person and/or entities whose identities are currently unknown to Plaintiff. These persons and/or entities include, but are not limited to, employees, agents, and servants of Amite County, Mississippi any and all persons who are liable to Plaintiffs for the actions and/or inactions complained of herein.

## II. JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343; 28 U.S.C. § 1331; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. 2000e, and et seq. Additionally, this Honorable Court has jurisdiction to adjudicate the state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. This court has jurisdiction over the parties and the subject matter of this suit.

## III. VENUE

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as the conduct giving rise to this claim occurred in Mississippi.

## IV. NOTICE OF CLAIMS

8. On July 20, 2018, Plaintiffs, by and through counsel, caused to be delivered by certified U.S. mail to the Defendant, Amite County, Mississippi, a Notice of Claim regarding the act(s) and/or omission(s) set forth herein pursuant to. 42 U.S.C. § 1983, 42 U.S.C. § 1985, Miss Code Ann. § 11-46-11 and any and all applicable state or federal common law cause(s) of action. On July 19, 2018 and August 2, 2018, the Notice of Claim was delivered to Roger Arnold and Tim Wroten, respectively, by certified U.S. mail. A copy of this notice and the certified returns of

service is incorporated herein by referenced and attached as "Exhibit A." To date, no one has responded to this notice in writing or otherwise. Plaintiff submits that this notice of claim letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120) days prior to filing the instant suit.

### V. FACTS

9. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

10. On January 3, 2018, Ashley McDowell appeared in Amite County Justice Court concerning an eviction. Tim Wroten and other county employees, including Melanie Netterville, were present in the courtroom at all times pertinent herein.

11. At the conclusion of that proceeding, Judge Roger Arnold would not allow Ashley McDowell to leave and he told her to have a seat in the back of the courtroom until the remainder of court was finished. Judge Arnold claimed that Ashley McDowell owed old fines that she would be required to pay before she could leave.

12. Ashley McDowell informed Judge Arnold that she had no old fines because she had never had a ticket or any other criminal convictions in Amite County.

13. Ashley McDowell has no criminal history and has only had one (1) ticket in her entire life. It was in Quitman County.

14. Ashley's husband, Adaryl McDowell, whom she had recently married, had been fined over two (2) years prior to that day, but he never finished paying $335.00 of his fine. So, Ashley McDowell reiterated to Judge Arnold that she owed no fines and she informed him that her husband did.

15. Despite acknowledging that Ashley McDowell owed no fines, Judge Arnold told her "you're going to be here until he brings money." Thus, Ashley McDowell sat in the back as demanded and she was not permitted to leave.

16. At the conclusion of Judge Arnold's docket, Melanie Netterville called Constable Murry Toney over to escort Ashley McDowell out of the courtroom and into the back. He complied and took Ashley to the back to lockup at which time Dispatcher Mary (last name currently unknown) placed her in a cell.

17. Then, Dispatcher Mary called Adaryl McDowell, Ashley's husband, so that Ashley could speak with him.

18. Ashley McDowell advised her husband that she had been arrested due to his old fines. Consequently, Adaryl McDowell called Sheriff Tim Wroten about the wrongful treatment of his wife.

19. Sheriff Wroten told Adaryl McDowell that "she's already been locked up now. If you don't bring money, we're taking her to the back."

20. Thereafter, Ashley sat in the holding cell for approximately two (2) hours until she was released by Mary at Judge Arnold's direction.

21. According to Mary, Judge Arnold said that she could go, but that her husband needed to pay his fine.

22. Judge Arnold, Sheriff Wroten, Constable Toney and Melanie Netterville clearly knew that Ashley McDowell owed no fines to the County.

23. This is shown by their conduct, statements and demand of money from Adaryl McDowell amongst other things.

24. It is also shown by the fact that Ashley was released after being held for two (2) hours.

25. Both Judge Arnold and Sheriff Wroten's conduct evidences a reckless disregard of Ashley McDowell's well-being and their conduct violated her constitutional rights.

26. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Ashley McDowell has suffered physical, emotional and mental injuries all of which entitles her to damages and relief under 42 U.S.C. § 1983.

## VI. DEPRAVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-26 of this Complaint as is set forth herein in their entirety.

28. The Defendants, exercising their authority and acting under the color of state law in their capacity as a public official and as representatives of Amite County, unlawfully subjected Ashley McDowell to unconstitutional acts.

29. At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges and immunities of Plaintiff were violated. Specifically, these Defendants, jointly and severally, engaged in a course of conduct that resulted in the following rights to which the Plaintiff was entitled:

(a.) right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provision of the Constitution of the State of Mississippi;

(b.) right to notice of accusations pursuant to the Sixth and Fourteenth Amendments to the Constitution of the United States of America, Article 3 § 26 of the Mississippi Constitution and to federal and state law; and,

(c) right against unreasonable seizure pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Article 3§ 23 of the Mississippi Constitution;

(d) right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and Article 3 § 14 of the Mississippi Constitution; and

(e) right to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution and Article 3 § 28 of the Mississippi Constitution.

30. The violations complained of in this Complaint for depravation of identifiable civil rights of Plaintiff include, but are not limited to wanton and/or negligent unlawful detention, imprisonment, and other acts and/or omissions by these Defendants, named and unnamed, to inflict pain, humiliation and/or injury upon Plaintiff with deliberate indifference to the immediate, grave, and serious violations of Plaintiff's sacred rights to liberty and freedom.

31. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## VII. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C. § 1985

32. Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-31 of this Complaint as is set forth herein in their entirety.

33.  At all times material hereto, the Defendants and their agents, representatives and employees did conspire to deprive the Plaintiff of her rights, privileges and immunities guaranteed by the United States Constitution and the Mississippi Constitution.

34.  Defendants' conspiracy to engage in the above conduct resulted in the violation of Plaintiff's rights as outlined above.

35.  As a direct and proximate result of the violation of Defendants' conduct, Plaintiff suffered general and special damages including pain, suffering, humiliation, degradation and severe emotional and mental anguish and distress and is entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## VIII.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36.  Plaintiff re-alleges and incorporates herein the allegations set forth in paragraph 1-35 of this Complaint as is set forth herein in their entirety.

37.  The act(s) and/or omission(s) of the Defendants on the date(s) and time(s) in question in denying her civil rights caused Plaintiff reasonably foreseeable severe emotional distress through their negligent conduct.

38.  The negligent conduct perpetrated upon Ashley McDowell was awful, traumatic, and disturbing events, which caused the Plaintiff to suffer serious emotional anguish.

39.  The act(s) and/or omission(s) of the aforementioned Defendants constitute negligent infliction of emotional distress as defined under Mississippi law and were each a proximate cause of the injuries of the Plaintiff as well as the damages and losses sustained by the Plaintiff.

## IX.     UNLAWFUL DETENTION AND CONFINEMENT

40.     Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-39 of this Complaint as is set forth herein in their entirety.

41.     As a result of their concerted unlawful and malicious detention and confinement of the Plaintiff at Amite County Justice Court, Defendants deprived Plaintiff of her right to liberty without due process of law and the equal protection of the laws and the course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

42.     As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## X.     STRICT LIABILITY

43.     Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-42 of this Complaint as is set forth herein in their entirety.

At all times relevant hereto, Judge Arnold used his authority to direct other county employees to arrest and detain Plaintiff in violation of her constitutional rights.

44.     As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C. § 1988.

## DAMAGES

45.     Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1-44 of this Complaint as is set forth herein in their entirety.

46. Plaintiff prays for judgment against Defendants, as follows:

(a.) For damages to be determined by the jury, in an amount exceeding the jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained, including, but not limited to, the emotional damages, physical pain and suffering, and any other damages to which they are entitled to recover under the facts and law of this case.

(b.) For all general and special damages caused by the conduct of Defendants;

(c.) For the costs of litigating this case;

(d.) For punitive damages for violation of federal constitutional rights against all of the Defendants in their individual capacities sufficient to punish them for their egregious conduct and to deter the Defendants and others from ever repeating such atrocities; and

(e.) For all other relief to which Plaintiff asserts she is entitled by Mississippi and federal law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants, jointly and severally, attorney's fees and the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of court in an amount over $75,000.00. Plaintiff also prays for such other relief to which the Court may deem appropriate.

RESPECTFULLY SUBMITTED, this the 18th day of January, 2019.

**ASHLEY MCDOWELL**

By: _____/s/ *Shunda Baldwin*_____ .

OF COUNSEL:
SHUNDA L. BALDWIN, MSB #101535
GIBBS TRAVIS PLLC
210 East Capitol Street; Suite 1801
Jackson, Mississippi  39201
PH: (601) 487-2630 | FX: (601) 366-4295 | EMAIL: sbaldwin@gibbstravis.com